THOMAS L. KIMBALL *v.* GAY & EDWARDS and HASKELL G. SMITH, *Trustee.*   BANK OF BURLINGTON, *Claimant.*

Under the statute of 1841 a negotiable promissory note will be holden by trustee process as the property of the payee, unless notice of its transfer have been given to the maker previous to the service of the trustee process, notwithstanding the note may have been payable at a particular bank, and in fact negotiated at that bank for a valuable consideration, while still current.

TRUSTEE PROCESS.   The questions in the case arose between the plaintiff and the claimant.   The trustee disclosed that, on the 6th day of Jan. 1843, he executed and delivered to the principal debtors his promissory note for $400, payable to their order, ninety days after date, at the Bank of Burlington; and that he had never received any notice of the transfer of the note until after the commencement of the present trustee suit.

The claimants proved that the note was discounted by them, in the usual course of business, Jan. 20, 1843, and had remained from that time their property, and produced the note, duly indorsed by the principal debtors.

The county court decided that the trustee was chargeable for the amount of the note in this suit; to which the claimant excepted.

*Smalley* and *Tenney* for claimants.

We insist that a fair construction of the statute of 1841, [Acts of 1841, p. 6] will not extend it to a case like this.   The note was payable to the order of Gay & Edwards at the Bank of Burlington, and was actually *negotiated* at the Bank before the service of the writ in this case, and may be distinguished from notes payable generally.   It may fairly be said to be a contract between Gay & Ed-

Shattuck *v.* Smith & Tr.

wards and Smith, and *quasi* with the Bank, that, if the Bank discounted the note, Smith promised to pay *them.*

*H. Leavenworth* for plaintiff.
The statute of 1841 is conclusive upon the case.

WILLIAMS, CH. J., after stating the disclosure and the bill of exceptions delivered the opinion of the court. Without repeating the statutes of 1841, which subjected to the trustee process *all negotiable paper*, whether under or over due, unless the same had not only been negotiated, but notice thereof given before the service of the process, we cannot disturb the judgment of the county court. No reference is made in the statute as to where the note may be negotiated, at what place it may be payable, or the convenience, or inconvenience, to which persons may be subjected. The note in question was for a debt due to Gay & Edwards, the principal debtors, and payable to them at the bank, and it did not attach as a necessary consequence that the same would be discounted at the bank, because payable there. The note contained no contract, express or implied, with the bank, but was evidence of a sum of money due from the trustee to the principal debtors, which he promised to pay them at the bank, the payment of which has been arrested by this plaintiff. Of the policy of the law in question, or the convenience or inconvenience of the claimants, we can take no notice; nor can we engraft an exception upon the statute, which we have no reason to believe the legislature intended. The judgment of the county court is affirmed.