CHASE, GREW & CO. *v.* JAMES HAUGHTON & CO., and LYMAN & KING, Trustees.

Where a citizen of this state purchased goods in Boston of a merchant residing there, and afterwards, in this state, executed a negotiable promissory

note for the amount of the purchase, which note was made payable to the vendor at a place within this state, it was held that the maker of the note might be held as trustee of the payee of the note, in an action brought in this state by a creditor of the payee,—no notice having been given to the maker of any transfer of the note.

TRUSTEE PROCESS. The plaintiffs and the principal debtors were residents and citizens of Boston, Massachusetts. The trustees were citizens of this state, residing in Montpelier, in the county of Washington.

The trustees disclosed that they purchased goods of the principal debtors, who were merchants, to the amount of $477.07; and that, on the first day of May, 1842, they executed therefor their negotiable promissory note; that said note was executed at Montpelier, in this state, and was made payable to the principal debtors at the Bank of Montpelier six months after date; that said note had not become payable at the time the trustee process was served upon them, and still remained unpaid; and that they had never received any notice of its being transferred. It farther appeared that the note, at the time it became due, was presented by the holders at the Bank of Montpelier for payment, and was protested for non-payment,—this process having been commenced,— and that an action upon the note, in the name of the principal debtors, had been commenced in Boston against the trustees.

Upon these facts the county court adjudged the trustees chargeable in this action; to which decision the trustees excepted.

*A. Spalding* for trustees.

All the questions arising in this case were decided, at the last term of this court, in the suit of *Baylies* v. *Haughton et al. & Tr.* [15 Vt. 626,] unless the execution of the note, under the circumstances mentioned in the disclosure, distinguishes it. See said case, and the authorities cited therein. It is contended that the same reasons, which operated in that case, apply with equal force to this. Would a judgment, rendered by this court against the trustees, be a bar to a suit on the note in Massachusetts? It is thought not. The indebtedness was created in Massachusetts. The principal parties lived in, and were citizens of, Boston. The note was given to Haughton, at the time he was a resident of Boston,

and immediately carried there; and at the time of the commencement of this process was in Boston; and, although the note was executed in this state, it was executed with reference to the residence of the holder.

The plaintiff could not have availed himself of the trustee process, on this note, in Massachusetts. The statute of that state, Chap. 109, § 30, enacts that "no person shall be adjudged a trustee in either of the cases following, to wit: *First, by reason of having drawn, accepted, made, or indorsed any negotiable bill, draft, note, or other security."* The principles of comity, then, evidently require, that these parties should not be adjudged trustees.

Again the safety and the rights of our own citizens demand it. It will be seen from the answer, that Lyman & King have already been sued in Boston, on the same notes. Now, if they are adjudged trustees here, and are compelled to pay over the amount to the creditors of Haughton, still they are obliged to incur the great expense of defending against that suit in Massachusetts. The great inconvenience, which would result to business men, is a weighty argument, why these parties should not be regarded as trustees.

But if Lyman & King are adjudged trustees, they wish an order, that, before they pay over the money, the plaintiffs file their bond with the clerk of this court, with good surety, sufficient to save them harmless.

*T. & H. H. Reed* for plaintiffs.

The question raised in this case is, whether a negotiable note executed in this state, and made payable here to a citizen of Massachusetts, is subject to the trustee process of this State. We think it is;

1. Because it comes within the express letter of the Act of 1841. Laws of 1841, page 6.

2. Because, being made in this state and payable here, it was executed with reference to our laws, and consequently is subject to their control. The decision in the case of *Baylies* v. *Haughton & Trustees,* made at the last term of this court, establishes this position;—in that case the note sought to be held by the trustee process was payable to Haughton in Massachusetts, and being thus made with reference to the laws of that state, where negotiable paper is not liable

to foreign attachment, the court held that the laws of that state should govern the case, and consequently decided that that note could not be held by trustee process here. The same principle is established in the case of *Peck et al.* v. *Mayo et al.*, 14 Vt. 33, and the cases there cited.

A fear that the courts of Massachusetts will enforce the collection of the note in question, even should this court compel the payors to pay it to the plaintiff in this process, should not effect the decision of this case;

1. Because the fear is not to be indulged, that any foreign court will disregard the decisions of this court in cases within their jurisdiction. Comity forbids it.

2. Because the courts of Massachusetts have given us a guaranty against any danger of the kind in *Hull* v. *Blake*, 13 Mass. 153.

The opinion of the court was delivered by

HEBARD, J. Our statute provides that "all actions founded on any contract made since the first day of January, 1839, may be commenced by the trustee process." The cause of action upon which this proceeding is had, it is presumed, is a contract of the above description, or objection would have been made for that reason.

The fourth section of the same statute provides, that "every person having any *goods*, *effects*, or *credits* of the principal debtor in his hands or possession may be summoned as a trustee." The expression of the statute is certainly broad enough, taken literally, to include this case. But it is objected that the principal defendant lives in Massachusetts, and that, therefore, in this kind of action, he is not subject to our laws. But this objection is not well taken. The *lex loci* applies to the contract, and not to the parties. The party may change his location, but that change does not affect the contract. The contract will be enforced agreeably to the laws of the place where it was made. The remedy will be effected agreeably to the laws of the place where the contract is to be enforced.

In this case the contract was made in this state, it was payable here, and must be subject to all the qualifications and impositions of our laws. Our law has provided that such contracts may be attached by our trustee process, and they who enter into them do so subject to that law.

---

Marshfield *v.* Calais.

---

It is urged that if this process is sustained, the trustees will be in danger of being made liable to pay this debt twice. They might have urged the same objection, in case Haughton & Co. had brought a suit directly against them here upon this note. They might perhaps, in that case, be apprehensive that the courts of Massachusets would not respect a judgment rendered by our courts. And I should regard one event as probable as the other ;—and I think they would be in no danger in either case. The case of *Hull* v. *Blake*, 13 Mass. 153, is direct in point, and is an authority, if any is wanting beyond the reasonable construction of our own statute, for sustaining this process.

Judgment affirmed.