## WARREN WILKINSON *vs.* ALVAN HALL.

Payment of an execution issued upon a judgment in another state, charging a trustee in foreign attachment, is no bar to an action against him by the principal defendant in this state, if in his answer to the first suit he denied a fact which, if disclosed, would have prevented his being charged by the laws of that state.

ACTION OF CONTRACT on a negotiable promissory note made by the defendant on the 15th of September 1853, payable to David Wilkinson on demand, and by him indorsed to the plaintiff. The writ was served by attachment of the defendant's real estate on the 11th of January 1855 ; but, he residing out of the Commonwealth, notice was ordered to him.

The defendant, in defence of this action, relied on the following proceedings in the State of Vermont: On the 1st of March 1855, being summoned as trustee in an action brought in that state by Polly Underwood against David Wilkinson, he stated in his answer that he executed to David Wilkinson this note, which was still due and unpaid ; that at the time of the service of the trustee process he had no notice of any assignment or transfer of the note by said Wilkinson ; that early in 1855 he heard that a suit had been commenced against him in Massachusetts, upon which his real estate was attached, by Warren Wilkinson, a son of David Wilkinson, but did not know upon what claim the suit was founded, or that Warren Wilkinson claimed to hold the note, until June 1855, when he saw a notice of the suit, which described the note, in a paper printed in Worcester, Massachusetts. Upon that answer, judgment was rendered and execution issued by the court in Vermont against Hall, as trustee, and paid and satisfied by him.

At the trial in the court of common pleas, the plaintiff offered evidence that Hall did have notice of the transfer of the note by the payee to this plaintiff, before the service upon Hall of the trustee process. But *Briggs,* J. refused to admit the evidence. And the plaintiff, after verdict, brought the case to this court on exceptions to this ruling.

*H. Chapin,* for the plaintiff.

*E. Washburn,* for the defendant.

Thomas, J.   The defendant relies upon the judgment against him as trustee in the process of foreign attachment in the courts of Vermont, as a bar to this suit.   Though the debt due from him was a negotiable promissory note, we understand that, before its negotiation to a third person, the promisor is, under the laws of Vermont, liable to be charged as the trustee of the promisee; but that if the maker of the note had notice of the transfer before the service, he would not be charged.   *Barney* v. *Douglass,* 19 Verm. 98.   *Kimball* v. *Gay,* 16 Verm. 131.   *Chase* v. *Haughton,* 16 Verm. 594.

It is obviously just that, if he has been compelled to pay the debt once by the judgment of a court of competent jurisdiction, he should not be compelled to pay it again.   If therefore the debt was recovered of the defendant under a process of foreign attachment, fairly and without collusion on his part, he may effectually plead it in bar here.   *Hall* v. *Blake,* 13 Mass. 153. *Embree* v. *Hanna,* 5 Johns. 101.   But such judgment is not fairly obtained, if the defendant aided in procuring it, by withholding facts essential to the determination of the cause.   13 Mass. 157. 2 Kent Com. (6th ed.) 119.

The fact of the negotiation and indorsement of the note, before the service of the trustee process upon this defendant, was most material to the right decision of the cause.   The plaintiff offered to show that the defendant had knowledge of the transfer to the present plaintiff before such service.   If he had such notice, he was bound to disclose it.   If, after such disclosure, he had been charged, the judgment might have been still a good bar.   But the knowledge of such transfer, and the failure to disclose it, are competent and most material evidence upon the question whether the judgment was fairly obtained, or by the aid and collusion of the defendant.   The evidence should therefore have been admitted.          *Exceptions sustained.*