Batchelder *v.* Nourse.

JOHN G. BATCHELDER *v.* ALONZO C. NOURSE, *Appellant.*

*Justice of the Peace. Jurisdiction.*

A justice of the peace is not legally disqualified to take jurisdiction of, and try, a case for the reason that he has previously, as one of a board of arbitrators between the same parties, and in reference to the subject matter of the suit, upon a hearing of such matter as such arbitrator, formed an opinion and expressed it to his associate arbitrator.

ASSUMPSIT. The defendant pleaded in abatement, that the plaintiff's claim had been by the parties referred to the arbitrament of a board of arbitrators of which one Mead, the justice of the peace before whom this action was originally tried, was one; that a trial of the matter so submitted was had by such board of arbitrators; that Mead was present and acted as one of the board, and, after hearing the parties and their proofs, expressed his opinion that the plaintiff was entitled to recover, and that afterwards he signed and issued the writ in this cause, and rendered judgment therein.

The plaintiff replied that the arbitrators had never published any award in respect to the matters submitted to them.

The defendant rejoined that Mead refused to agree with his associate arbitrators, and therefore no award was made, but yet he announced his opinion, before he signed the writ in this case, that the plaintiff was entitled to recover.

To this rejoinder the plaintiff filed a surrejoinder that such opinion was only expressed while the arbitrators were attempting, in private consultation, to agree upon an award.

To this surrejoinder the defendant demurred generally.

· The county court, at the December Term, 1862, KELLOGG, J., presiding, rendered judgment, *pro forma*, sustaining the demurrer, and that the plaintiff's writ be quashed.

To this judgment the plaintiff excepted.

*P. H. Hutchinson,* for the plaintiff.

*H. K. Fowler,* for the defendant.

BARRETT, J. The pleadings in this case present for decision the single question, whether a justice of the peace is legally dis

Batchelder v. Nourse.

qualified to take jurisdiction of, and try, a case for the reason that he had previously, as one of a board of arbitrators between the same parties, and in reference to the subject matter of the suit, upon a hearing of such matter as such arbitrator, formed an opinion and expressed the same to his associate arbitrator. It is purely a question of legal disqualification. Aside from the alleged cause of disqualification, it is conceded that he had lawful jurisdiction and right to try the case.

To solve this question, the statute, endowing the justice with his official character, and defining his rights, duties and disqualifications, is to be resorted to; and this as well to determine what is the policy of the law, as to ascertain what is specifically conferred and prohibited.

On looking into the statute, it is found there to be specifically provided what shall disqualify a justice from exercising, in the given case, the functions appertaining to that office.

Upon familiar principles of construction, other causes of disqualification in this respect are to be regarded as excluded,—and only those enumerated are to be held as effectual to disrobe him of his official capability in the particular case.

The cause here assigned is outside of the terms, and equally must be regarded as outside of the policy, of the statute.

While we should find occasion to commend the good taste and good sense which would cause a justice, in such a case as this, to decline to officiate, yet, upon the law as it exists, we are unable to hold that he is not lawfully entitled to ply his office, if neither taste nor sense is operative and effectual to restrain him from such an impropriety.

Without discussing the subject more largely at this time, we feel compelled to hold the surrejoinder to be sufficient, and therefore the judgment of the county court is reversed, with costs, and *respondant ouster* awarded.

The case is remanded to the county court.