## State *v.* E. M. Sutton.

### October Term, 1901.

Present: Rowell, Tyler, Munson, Start and Stafford, JJ.

Opinion filed November 29, 1901.

*Criminal law—Defamation of courts—Trial—Disqualifying
interest—Interpretation of defamatory words.*

A judge of the supreme court is not disqualified by reason of interest
from sitting in the trial of a person indicted for defaming the
supreme court, since he has no pecuniary interest in the result
of such trial.

Defamatory words are to be taken in their plain and natural mean-
ing; if legally capable of the meaning ascribed to them by the
innuendo, it is for the jury to say whether the innuendo is sup-
ported or not, and that question cannot be tested by demurrer.

The words charged in this indictment are capable of the meaning
ascribed to them, for they are calculated to bring the court, its
judgment and its judges, into disrepute.

Indictment for criminal defamation. The respondent
demurred, and at the March Term, 1901, Washington County,
*Watson,* J., presiding, pending hearing on the demurrer, ob-
jected to Judge Watson sitting in the case. This objection
was overruled, *pro forma,* and upon hearing, the demurrer was
overruled, *pro forma.* The respondent excepted.

*V. A. Bullard* for the respondent.

The one great object of our constitution and laws is to
provide courts and magistrates for the administration of jus-
tice free from any and all influences having the slightest ten-
dency to partiality. We have broadened rather than restricted
the common law upon the subject of disqualification. Under
our law, a judge need not be interested in the action itself, but
it is sufficient if he is interested in the slightest degree in the

cause of action.   Judge Watson, who participated in the judgment in question and who is one of the judges alleged to have been defamed, is not only interested in the cause of action, but within the meaning of the law, is a party to the suit.   He is interested in having the respondent convicted, not only that he may be severely punished for the offence, but also for the aid such a conviction might furnish in a civil suit for the same cause of action.   The very presence of such a judge on the bench during a trial must unduly influence the jury against the respondent.

If a judge can try one for defaming him, why should he not try one for assaulting him or for offering him a bribe? Bonham's Case, 8 Coke 118; Derbie's Case, 12 Coke 114; *Day* v. *Savage,* Hob.87; *Brookes* v. *Rivers,* Hardres,503; *Lincoln* v. *Smith,* 1 Vent. 3; *Chester* v. *Bower,* 1 Stra. 639; *Great Charte* v. *Kennington,* 2 Stra. 1174; *Wright* v. *Crump,* 2 Ld. Rym. 766; *London* v. *Markwick,* 11 Mod. 164; *London* v. *Wood,* 12 Mod. 687; *Hesketh* v. *Braddock,* 3 Burr. 1847; *Rex* v. *Justices,* 5 M. & S. 513; *Dimes* y. *Grand Junction Canal Co.,* 3 H. L. C. 759, 16 Eng. L. & Eq. 63.

The words charged in the indictment are not defamatory within the meaning of the statute, and should be taken in their least harmful meaning.   Construed in this way, they do not amount to a defamation of the court, its judgment, nor its members.

*Richard A. Hoar,* State's Attorney, for the State.

The objection to Judge Watson's sitting amounts to the proposition that a defamation which embraces all the judges cannot be punished, because there is no tribunal before which it can be prosecuted.   Such a proposition is apparently fallacious.

The words charged constitute an offense.   They clearly charge that the supreme court decided against Cosgrove simply

because he was a democrat. Such a charge tends to bring the court, its judges and its decisions into disrepute.

ROWELL, J. This is an indictment under section 5072 of the Vermont Statutes, for defaming this court, and a judgment thereof, and the judges of the court as to said judgment. It is objected that Judge Watson, who sat below, was disqualified by reason of interest in the event of the cause or matter, for that he is one of the judges alleged to have been defamed.

It is a pecuniary interest that disqualifies, and Judge Watson is no more interested in this case in that respect than he is in every other criminal case that he tries, and that interest is too small for the law's notice. *State* v. *Batchelder,* 6 Vt. 479.

It is said that a judge defamed would be deeply interested to have the respondent convicted, not only that he might be severely punished, but also for the aid it might afford him in the prosecution and maintenance of a civil action for damages. But such an interest does not disqualify; and it is not perceived how a conviction could aid a civil action, unless it was had on a plea of guilty.

The only claim made under the demurrer is, that the words alleged are not defamatory under the statute, which is this: "A person who defames a court of justice, or a sentence or proceeding thereof, or defames the magistrates, judges, or justices of such court, as to an act or sentence therein passed, shall be fined," etc.

It is alleged that one Cosgrove was the defendant in the action in which the judgment in question was rendered, and was a Democrat at the time; and that after the rendition of said judgment, the respondent, in a certain conversation that he had with divers persons of and concerning this court and the judges thereof, and of and concerning said judgment, published and declared these words, namely: "There is no use for a Democrat to bring anything to the supreme court of Vermont

where politics is involved, and there is an unbroken line of just such procedure for the last forty years;" innuendo that said supreme court and said judges decided said cause against said Cosgrove because he was a Democrat.

It is claimed that the words should be construed *in mitiori sensu,* and that thus construed, they are clearly not defamatory. But *mitiori sensu* is not the rule now. The rule is that the words are to be taken in their plain and natural meaning, and to be understood by courts and juries as other people would understand them, and according to the sense in which they appear to have been used and the ideas they are adapted to convey to those who hear them. *Darling* v. *Clement,* 69 Vt. 292, 37 Atl. 779.

If the words are legally capable of the meaning ascribed to them by the innuendo, it is for the jury to say whether the innuendo is supported or not, and that question cannot be tested by demurrer. *Royce* v. *Maloney,* 58 Vt. 437, 447, 5 Atl. 395; *Norton* v. *Livingston,* 64 Vt. 473, 24 Atl. 247. And that the words are capable of the meaning ascribed to them cannot be doubted; nor can it be doubted that that meaning is defamatory, for it is calculated to bring the court, its said judgment, and its judges in respect thereof, into disrepute.

*Affirmed and remanded.*