STATE v. FRANK JURRAS.

October Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 9, 1923.

*Criminal Law—Admissibility of Evidence Relating to Inquest—
Motion for Arrest of Judgment Must Be in Writing—Con-
stitutionality of Law That Judge Conducting Inquest Is Not
Disqualified to Try Cause—Courts Cannot Pass on Wisdom
or Expediency of Law—Disqualification of Judge—What
Prejudice Disqualifies—Question of Fact.*

1.  In a prosecution in municipal court for furnishing and possessing
    intoxicating liquor contrary to law, the court did not err in
    excluding evidence relating to an inquest, previously called and
    held at the request of the State's attorney by the trial judge
    and presided over by him, in accordance with the provisions
    of G. L. 6617, as amended by No. 207 of the Acts of 1921, at
    which the crime with which the respondent was charged was
    under investigation.

2.  A motion in arrest of judgment must be in writing.

3.  The constitutional guarantee that justice shall be impartially ad-
    ministered (Const., Ch. 2, §28) does not render the Legislature
    without authority to declare that a judge, conducting an in-
    quest upon a criminal matter under investigation by the State's
    attorney, as provided in G. L. 6617, as amended by No. 207
    of the Acts of 1921, should not thereby be disqualified from
    presiding at the trial of the cause which was the subject of
    inquiry at such inquest.

4.  In passing upon the constitutionality of a statute, a court has
    nothing to do with its wisdom or expediency, these being for
    the Legislature, but can judge only of its scope and validity.

5.  The mere fact that the trial court ordered and conducted an in-
    quest pursuant to the provisions of G. L. 6617, as amended by
    No. 207 of the Acts of 1921, does not, as a matter of law, dis-
    qualify him from presiding at the trial of a cause which was
    the subject of inquiry at such inquest.

6. The prejudice which disqualifies a judge from trying a person accused of crime is a personal prejudice against the respondent, and not prejudice against the particular offense with which he is charged.

7. Whether a trial judge is disqualified by prejudice is a question of fact, which cannot be inferred from the fact that he also presided at an inquest at which the cause on trial was the subject of the inquiry, there being nothing in the record of the trial tending to show prejudice against the respondent.

COMPLAINT for illegally furnishing and possessing intoxicating liquor. Plea, not guilty. Trial by jury in the city court of Barre, *H. W. Scott*, Judge. Verdict, guilty. Judgment on the verdict. The opinion states the case. *Exceptions overruled.*

*S. Hollister Jackson* and *Eda G. Jennings* for the respondent.

*Charles B. Adams*, State's attorney, and *Webster E. Miller* for the State.

TAYLOR, J. The respondent was brought before the city court of Barre upon the complaint of the State's attorney charging him with furnishing and possessing intoxicating liquor contrary to law. He pleaded not guilty, and the prosecution was continued from time to time until July 23, 1923, when, on a trial by jury, he was found guilty and sentenced. In the cross-examination of the chief of police of the city of Barre, who was called as a witness for the State and had testified only repecting a search of the respondent's premises, the latter's counsel sought to show that a secret inquest had been held while the prosecution was pending, in which one matter of consideration was the examination of witnesses produced to obtain evidence against the respondent for use at the trial; that the witness participated in the inquest; and that the municipal judge who was presiding at the trial ordered the inquest and presided thereat. The respondent's claim was that his constitutional right to an impartial trial was infringed upon by the action of the court in participating in the inquest. After stating his claim counsel said, "I ask the court in the first place if these facts are so, and the court knows whether they are, and that the respondent be

dismissed from the charge." The court ruled in substance that the constitutional right of a respondent to a fair trial is a right to be tried before a jury in open court only on evidence adduced in court—that it is entirely immaterial to the respondent how the State secured the information for such trial—and excluded "all matters pertaining to the preparation of the case." The respondent asked for and was allowed an exception to the court's ruling. Immediately thereafter respondent's counsel was permitted to pursue this line of inquiry, on the claim that he had a right to do so to show the bias or prejudice of the witness, and developed the fact that an inquest was held, that a subpoena which the witness served was signed by the municipal judge who was presiding at the trial, that the same judge presided at the inquest, and that one of the matters being investigated related to the charge against the respondent. Most of the witnesses who testified to having purchased intoxicating liquor of the respondent were asked in cross-examination if they testified at the inquest and replied in the affirmative. At the close of the State's evidence respondent's counsel stated that, because of the position already taken that the court, by reason of holding a secret inquest on the very matter complained of in the case on trial, "had disqualified for trial," the respondent would refrain from putting in any evidence in defense. The case was submitted to the' jury under a charge that was not excepted to. Upon the return of the verdict the State's attorney moved for judgment on verdict. Respondent's counsel asked to have exceptions noted and that the respondent be admitted to bail pending a hearing on the exceptions. The State's attorney pressed the motion for judgment and sentence and opposed the request for bail. Thereupon the respondent moved in arrest of judgment on the ground that the court was disqualified and without jurisdiction in the matter, having acted as magistrate at a secret inquest at which evidence concerning the complaint in the case on trial was under consideration. The motion was overruled and the respondent was allowed an exception.

[1, 2] On the record the respondent now claims in effect that the action of the trial judge in ordering and participating in the inquest conducted for the purpose of procuring evidence to be used in the trial of a complaint then pending disqualified him from presiding at the subsequent trial; and that, in the circumstances shown, his constitutional right to an impartial trial

was invaded. This, however, is not an accurate statement of the questions reserved by his exceptions. Respecting the first one noted, the question for decision was whether the offered evidence was admissible. Beyond this, the most that could be claimed is that the court erred in denying a motion to dismiss the complaint on the ground of the court's disqualification to preside at the trial. For obvious reasons the exclusion of the evidence was not reversible error, and in any event the respondent was not entitled ·to be discharged, but at most to a trial before a judge who was not disqualified. It would seem that the motion in arrest was an oral motion, and so did not comply with the rule which requires all such motions to be in writing. *State* v. *Longe,* 96 Vt. 7, 116 Atl. 81. The steps taken to raise the question now relied upon were plainly inadequate to make the question available on review. *Cady* v. *Lang,* 95 Vt. 287, 115 Atl. 140, is relied upon, but that case is not in point. The error there complained of was a ruling as matter of law that one of the assistant judges could act as counsel in the case on trial in disposing of a motion to discharge the jury, on the ground that his conduct was prejudicial and against public policy, which motion was overruled, and the trial ordered to proceed.

[3-6] But the result is the same if the point attempted to be raised is considered on its merits. The action complained of was had under G. L. 6617, as amended by No. 207, Acts of 1921, which provides that a judge of the county court, or a judge of a municipal court, upon the written application of the State's attorney, may constitute and conduct an inquest upon any criminal matter under investigation by the State's attorney; that said judge may issue a subpoena and an attachment if necessary to bring witnesses before him to give evidence in any matter there under investigation; and that any judge so conducting an inquest shall not be disqualified from trying the cause which was the subject of inquiry at such inquest. No claim is made but that the inquest was conducted in pursuance of this statute; nor is it expressly claimed that the provisions of the statute relating to disqualification is unconstitutional, though the respondent's argument necessarily implies such a claim. Under familiar rules of construction it cannot be held that the Legislature was without authority to declare that a judge conducting such an inquest should not thereby be disqualified from presiding at the trial. The inhibition of the Constitution relied upon provides no more

than that justice shall be impartially administered in the courts, without corruption, or unnecessary delay, Const., Ch. 2, § 28. Within such limits the Legislature is free to act in conferring jurisdiction upon the judges of the municipal courts and prescribing their qualifications. We have nothing to do with the wisdom or expediency of the statute. The policy of the provision respecting disqualification is for the Legislature (*State* v. *Morse,* 84 Vt. 387, 394, 80 Atl. 189, 34 L. R. A. [N. S.] 190, Ann. Cas. 1913B, 218; *Kimball* v. *Gay,* 16 Vt. 131); and the legislative history of the enactment shows that it was adopted with deliberation. We can judge only of the scope and validity of the provision. It must be apparent that the mere act of conducting such an inquest would not necessarily prevent the judge from administering justice impartially at the trial. In other words, it would not *per se* disqualify him to act in the manner required by the Constitution. On the other hand, bias or prejudice, however engendered, such as would deny to a respondent an impartial trial would doubtless disqualify the judge notwithstanding the statute. It must be held that the mere fact that the trial judge ordered and conducted an inquest under the statute does not as a matter of law disqualify him from presiding at the trial of a cause which was the subject of inquiry at such inquest. To that extent at least the statute in question does not infringe the provision of the Constitution invoked by the respondent. At most the only available question was whether the judge was prejudiced by reason of what had occurred so as to prevent an impartial trial; and it should be observed that it is personal prejudice against the respondent and not prejudice against the particular offense with which he is charged that disqualifies. A respondent is not entitled to a trial by a judge and jury who are absolutely indifferent to the commission of crime. *Crawford* v. *Ferguson,* 5 Okl. Crim. Rep. 377, 115 Pac. 278, 45 L. R. A. (N. S.) 519. See *State* v. *Sutton,* 74 Vt. 12, 52 Atl. 116.

[7] Whether the trial judge was disqualified by prejudice would be a question of fact. The respondent's counsel call attention to nothing indicating that the trial was not in fact conducted impartially. Moreover, a careful inspection of the transcript of the proceedings at the trial discloses no circumstance even suggesting prejudice against the respondent. The most that counsel claim is that personal prejudice would necessarily result from the part taken by the judge in the inquest. But any

such inference is unwarranted. The functions of the judge who may be called upon to conduct an inquest are such that there is even less ground to suspect prejudice than in case of a judge who has presided at a former trial, or who has participated in the trial of a different cause where the same questions are presented for consideration. This Court has held that in such circumstances there is no rule or principle that disqualifies. *Martyn* v. *Curtis,* 68 Vt. 397, 35 Atl. 333. It has been held that a justice of the peace is not legally disqualified to try a case by reason of having previously been one of a board of arbitrators between the same parties and in reference to the subject-matter of the suit, notwithstanding the doubtful propriety of such a course. *Batchelder* v. *Nourse,* 35 Vt. 642. In short, the respondent's argument deals with questions of legislative policy and judicial ethics, matters outside the scope of this review.

*Judgment that there is no error in the proceedings and that the respondent takes nothing by his exceptions.*