## State of Vermont v. Wayne Daudelin

[559 A.2d 668]

No. 88-003

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed February 24, 1989

---

*Jeffrey L. Amestoy, Attorney General,* and *Susan R. Harritt, Assistant Attorney General,* Montpelier, for Plaintiff-Appellee.

*Paul S. Volk* of *Blodgett & Watts,* Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from a district court decision finding him in violation of probation. We affirm.

The original probation resulted from defendant's 1986 conviction for driving with license suspended, 23 V.S.A. § 674. His sentence was 0-90 days, all suspended, on the condition that he report to his probation officer and pay a fine. Thereafter, he was charged with four counts of burglary alleged to have occurred between May and December, 1986. Though two of these charges were later dismissed, two were still pending on December 10, 1987, when the instant probation violation proceeding was heard. Of the three alleged probation violations, the one that was the basis for the court's decision involved defendant's failure to report to his probation officer. The trial judge found such violation had occurred, and added that he "would have been inclined to have dismissed this case. But I'm not going to dismiss it. He's got charges pending. . . . I'm going to postpone any disposition of this until the disposition of the burglary cases. In the meantime, we're going to continue him on probation." Defendant was subsequently convicted of burglary and possession of stolen property on pleas of nolo contendere, pursuant to a plea agreement. On the basis of these convictions defendant was again found guilty of probation violation on February 10, 1988, with probation continued under the original conditions, which did not include any time to serve. The present appeal is from the court's December 10, 1987 order.

Defendant first argues that the trial judge indicated a bias or lack of impartiality because he expressed his opinion on the facts prior to hearing the evidence in the case. What occurred was that

the trial court engaged in an informal dialogue with counsel and defendant's probation officer prior to the officer's being sworn as a witness. Thereafter, and before the witness testified formally, the court expressed its opinion that defendant was in violation and should be continued on probation. The state's attorney called the court's attention to the absence of testimony under oath, and the witness was immediately presented and sworn.* The brief testimony that followed was identical to the tenor of the informal dialogue with the court. The probation officer was the only witness to testify.

■ Aside from the fact that defendant raises this issue for the first time on appeal, ignoring the requirement that a request for disqualification must be made to the trial court in the first instance, *In re B.L.*, 145 Vt. 586, 590, 494 A.2d 145, 147 (1985), we reject his argument. There is no doubt that the court's initial procedure was in error. The probation officer should have testified under oath from the start, without the informal dialogue with the court. Had the omission not been noticed and rectified, the court's findings would have lacked an evidentiary foundation. The error was noticed, however, and was corrected immediately, and while the judge did express an opinion prior to taking testimony in the matter, the testimony that was given under oath was identical in substance to what had been discussed during the informal dialogue.

The essence of bias is a personal prejudice against a party. *State* v. *Jurras,* 97 Vt. 276, 280, 122 A. 589, 590 (1923). Whether a judge is disqualified by prejudice is a question of fact, *id.,* which must be clearly established by the record. *DeGrace* v. *DeGrace,* 147 Vt. 466, 469, 520 A.2d 987, 989 (1986). A party seeking disqualification must show that the judge "could not, or did not, pass upon the facts of [the] case without bias or prejudice." *Daitchman* v. *Daitchman,* 145 Vt. 145, 147, 483 A.2d 270, 271 (1984) (citing *Leonard* v. *Willcox,* 101 Vt. 195, 215, 142 A. 762, 770 (1928)). In the case at bar, defendant alleges that the court's predisposition to judge the matter before considering all of the evidence constituted bias. We cannot say, however, as we did in *Auger* v. *Auger,* 149 Vt. 559, 563, 546 A.2d 1373, 1376 (1988), that

---

* The transcript indicates that the court thought counsel for defendant had decided against questioning the probation officer. This led to the late presentation of the sworn testimony.

the court prematurely terminated defendant's evidence or evinced an inclination favoring a party before the substance of the case had been developed by counsel. Nor are there any suggestions of conflict of interest, see *Ricci* v. *Bove's Administrator,* 116 Vt. 406, 408, 78 A.2d 13, 16 (1951), or extrajudicial familiarity with the case, as alleged in *Daitchman,* 145 Vt. at 147, 483 A.2d at 271. The error in this case was momentary and nonprejudicial. It reflected no bias on the part of the court.

■ Finally, defendant argues that the trial court abused its discretion in failing to terminate probation after finding that defendant was in violation for failing to report to his probation officer. He contends that the original offense of driving while his license was suspended (DLS) was relatively minor, and the pending, unproven burglary charges should not have been considered in disposing of the DLS probation case. In order to prevail on a claim of abuse of discretion, defendant has the burden of showing that the court failed to exercise its sound discretion or exercised it for clearly untenable reasons. *State* v. *Potter,* 148 Vt. 53, 57, 529 A.2d 163, 166 (1987).

■ In the present case, the court exercised its discretion on December 10, 1987 to maintain defendant's probation status, pending determination of outstanding felony charges. Defendant argues, in effect, that continuation of his probation status amounted to a prejudgment of his guilt or innocence in the pending burglary charges, but he does not explain why this should be so. His probation status between December 10, 1987 and February 10, 1988 remained unchanged from his prior status, and he was not incarcerated. The only effect of the court's order was to maintain his status pending the outcome of the burglary charges against him, subjecting him to possible further probation violation charges. Given the seriousness of those charges and the slight impact of the probation order on defendant, it was well within the court's discretion after finding a probation violation to maintain the status quo pending resolution of the more serious outstanding charges. See 28 V.S.A. § 304(b); *State* v. *Therrien,* 140 Vt. 625, 627-28, 442 A.2d 1299, 1301 (1982).

*Affirmed.*