2012 VT 106

## State of Vermont v. Wallace Nolen

[71 A.3d 1213]

No. 12-062

Present: Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Eaton, Supr. J., Specially Assigned

Opinion Filed December 28, 2012

*Kristin G. Wood,* Washington County Deputy State's Attorney, Barre, for Plaintiff-Appellee.

*Michael Rose,* St. Albans, for Defendant-Appellant.

¶ 1. **Burgess, J.** Defendant appeals from the criminal division's order for an unsatisfactory discharge of defendant from probation. Defendant claims that the trial court abused its discretion by characterizing his discharge as "unsatisfactory" without a hearing or an affidavit demonstrating a probation violation, and seeks a mandate to the trial court for an unqualified discharge. Although not a cross-appellant, the State also contends that the trial court erred by discharging defendant from probation without an evidentiary hearing. We reverse and remand.

¶ 2. The facts can be summarized as follows. Found guilty in March 2010 of three counts of negligent operation of a motor vehicle, defendant received a nine-to-ten-day sentence of imprisonment, all suspended with probation. Stayed pending appeal, the sentence became effective in June 2011 after his conviction was affirmed. Some five months later, in December 2011, the Department of Corrections petitioned the court for an unsatisfactory discharge from probation. The petition was accompanied by a statement from defendant's probation officer, outlining the reasons for the officer's discharge recommendation. The probation officer averred that defendant failed to comply with certain special conditions of his probation, including that he complete a treatment program and mental-health counseling to the officer's satisfaction, as well as the condition that defendant avoid contact with his victim. The probation officer also stated that defendant was uncooperative with efforts to schedule appointments, although she did note defendant's contention that he was unable to attend any probation appointments due to medical issues, including treatment for colon cancer, obesity, obstructive apnea, Crohn's disease and diabetes.

¶ 3. Defendant's probation officer asserted that she tried to accommodate defendant's medical needs, but that her attempts were met with continued resistance and new reasons offered by defendant as to why he was unable to follow his probation conditions. On this history, the officer represented that it was "unlikely we will be able to make a positive change in [defendant's] attitudes or behavior." Accordingly, the probation officer proffered that:

> [b]ased on [defendant's] current and lengthy medical and mental health concerns, it is improbable that he can be

adequately supervised by the department. A decision was made at the Central Office level to respectfully request that [defendant] be unsatisfactorily discharged from probation at this time.

¶ 4. The State responded with an objection to the petition. The State contended that a discharge from probation, even if deemed unsatisfactory, would reward defendant for misbehavior. It was the State's position that if defendant refused to comply with probation requirements, he should be found in violation, his probation should be revoked, and his sentence served.

¶ 5. Defendant requested a hearing on the matter. While the State made no specific request, it is not disputed that it too expected a hearing. The court scheduled a status conference to discuss the filings and ordered that defendant be personally present at the conference. Defendant filed a motion to waive appearance based on his health problems, which was accompanied by a letter from defendant's oncologist explaining how aggressive chemotherapy rendered defendant physically exhausted and weakened his immune system. The trial court canceled the status conference, denied defendant's motion to waive appearance, and entered an order of unsatisfactory discharge from probation. The court "determined that an unsatisfactory discharge [was] within its discretion, and that in the interests of justice and judicial economy, no further hearings [were] necessary on these nearly three-year old misdemeanors." Defendant appeals.

¶ 6. It is unusual for normally adverse parties to take a common position in opposition to a trial court order. Nevertheless, though for different reasons, both defendant and the State dispute the trial court's authority to summarily terminate probation without a hearing. Defendant equates an unsatisfactory discharge with findings of a probation violation, or as otherwise reflecting adversely on his conduct as a probationer. Defendant claims he was denied an opportunity to contest the grounds for such an appellation. The State, on the other hand, focuses not on the court's characterization of the probationer, but argues simply that when, as here, a motion's predicate facts are in dispute, Vermont Rule of Criminal Procedure 47(b)(2) calls for a hearing. The State has not appealed, however, and its argument is unnecessary to resolve defendant's claim. We agree that a probationer is entitled

to a hearing on disputed material facts before the trial court can order a less-than-satisfactory discharge from probation.[1]

■ ■ ¶ 7. Trial courts enjoy "broad statutory authority to suspend all or part of a criminal sentence and place the defendant on probation with such terms and conditions 'as the court in its discretion deems reasonably necessary to ensure that the offender will lead a law-abiding life or to assist him to do so.'" *State v. Nelson*, 170 Vt. 125, 128, 742 A.2d 1248, 1250 (1999) (quoting 28 V.S.A. § 252(a)). Under 28 V.S.A. § 251, "[t]he court placing a person on probation may terminate the period of probation and discharge the person at any time if such termination is warranted by the conduct of the offender and the ends of justice." Decisions regarding probation status are entrusted to the sound discretion of the trial court. See *State v. Daudelin*, 151 Vt. 214, 217, 559 A.2d 668, 670 (1989). When a statute "grants discretionary powers to the trial court, we will not set aside the [trial court's] ruling absent abuse of discretion." *State v. Merchant*, 173 Vt. 249, 254, 790 A.2d 386, 391 (2001). To succeed on a claim of abuse of discretion, defendant must show "that the court failed to exercise its sound discretion or exercised it for clearly untenable reasons." *Daudelin*, 151 Vt. at 217, 559 A.2d at 670.

■ ■ ¶ 8. Absent a stipulation between the parties, the trial court abused its discretion in this case by issuing an adverse order of unsatisfactory discharge with neither findings on the underlying basis for its determination nor an opportunity for defendant to be heard on the facts in dispute. It is settled that actions by the trial court affecting defendant's probationary status

---

[1] We leave for the trial court to determine, on remand, whether it is authorized at all, under 28 V.S.A. § 251 or otherwise, to discharge a probationer for "unsatisfactory" performance and label the discharge as such. Defendant contested the factual basis for the probation officer's discharge request below but raised no claim that modifying a discharge as either satisfactory or unsatisfactory was beyond the court's authority. Defendant now asserts on appeal, for the first time, that the statute provides for court-ordered discharge from probation, but not an "unsatisfactory" discharge. This Court will not delve into that question now. See *Progressive Ins. Co. v. Brown*, 2008 VT 103, ¶ 6, 184 Vt. 388, 966 A.2d 666 ("[I]n order to rely upon an argument on appeal, an appellant must properly preserve it by presenting it to the trial court with specificity and clarity." (quotation omitted)); see also *Vermont Built, Inc. v. Krolick*, 2008 VT 131, ¶ 10, 185 Vt. 139, 969 A.2d 80 ("The preservation rule is satisfied when the trial court had a fair opportunity to consider, evaluate and rule upon the question raised on appeal." (quotation omitted)).

and freedom, such as a revocation of probation, require a hearing on the merits. *State v. Benjamin*, 2007 VT 52, ¶¶ 9-11, 182 Vt. 54, 929 A.2d 1276 (recognizing the United States Supreme Court's reasoning in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), which held that probationers are entitled to both a preliminary and final hearing prior to revocation, applies with equal weight under the Vermont statutes). Attaching the label of "unsatisfactory" to defendant's discharge from probation constitutes a legally adverse action by the trial court which requires the State to prove unsatisfactory performance and entitles defendant to respond to the State's allegations.

¶ 9. The court-assigned label of "unsatisfactory" discharge from probation carries sufficient present and future legal significance to warrant the hearing requested by defendant. It represents a judicially determined negative outcome for the probationer. Characterization as an unsatisfactory probationer can adversely affect a defendant's opportunities for probation in the future. See, e.g., *United States v. Zubiate-Ibarra*, 345 F. App'x 956, 957-58 (5th Cir. 2009) (rejecting defendant's argument that sentence was higher than necessary to meet federal sentencing goals based on the offense, "two prior drug-trafficking convictions and an unsatisfactory discharge from probation on one of the prior offenses"); *Williams v. State*, 735 N.E.2d 785, 790 (Ind. 2000) (upholding unsatisfactory discharge from probation as an aggravating circumstance in sentencing); *State v. Carrasco*, 1997-NMCA-123, ¶ 8, 950 P.2d 293 (acknowledging that an unsatisfactory discharge could restrict defendant's legal rights under state law and agreeing that "the issuance of an order determining that [defendant] be discharged from probation with an unsatisfactory discharge for failure to comply with the terms of her probation implicates her due process rights"). The label flags to the next court that probation has been ineffective in rehabilitating a defendant and signals that the goals of probation were not achieved with this particular defendant. See *State v. Nelson*, 170 Vt. at 128, 742 A.2d at 1250 (recognizing that probation is "an essential tool in the court's ability to shape a criminal sentence to the rehabilitative needs of the individual defendant").

¶ 10. Absent a hearing, a defendant has no opportunity to contest whether or not probationary conditions have been effective — or, as in the present case, even feasible — for rehabilitation.

Thus, a record of unsatisfactory discharge could convey unchallenged negative implications to a court considering whether to suspend a subsequent sentence, in whole or in part, with an order of probation. The record of unsatisfactory discharge, suggesting noncompliance with a court order, could also be relevant in determining future conditions of pretrial release or bail. See *State v. Weller*, 152 Vt. 8, 10, 563 A.2d 1318, 1319 (1989) (confirming that it was "reasonable for the court to conclude that defendant's failure to report to his probation officer increased the risk that he would not appear in court"); cf. *State v. Lampman*, No. 2008-002, slip op. at 1 (Vt. Jan. 2008) (unpub. mem.) (bail appeal) (affirming conditions of release and bail amount based on previous convictions as well as "four failures to appear, two parole violations, a violation of a supervised community sentence, and 'a couple' of violations of probation"); *State v. Scott*, No. 2007-489, slip op. at 1 (Vt. Jan. 2008) (unpub. mem.) (bail appeal) (upholding conditions of release and bail amount based on defendant's criminal history and because defendant's "repeated parole violations and criminal activity while on parole confirm that defendant cannot be relied upon to abide by conditions of release, let alone respond to court process"); *State v. Quist*, No. 2008-336, slip op. at 2 (Vt. Sep. 2008) (unpub. mem.) (bail appeal) (affirming conditions of release and bail amount because of defendant's risk of flight, reasoning "[d]efendant's unreliability, coupled with his actual failure to appear in disregard of the court's order in the past, aggravates that risk").

¶ 11. We cannot agree, however, with defendant's argument that this Court should order a satisfactory discharge from probation. As discussed above, matters regarding probation status are, in the first instance, properly within the province and discretion of the trial court. Whether defendant is entitled to a satisfactory discharge, and on what grounds, may be considered by the trial court on remand.[2]

*Reversed and remanded.*

---

[2] We note defendant's argument that the trial court also abused its discretion by not issuing an order of satisfactory discharge based on "the uncontested, verified facts" submitted by defendant to the effect that he complied with his probation conditions. We do not reach this argument because reversal on the court's refusal to hold a hearing on defendant's discharge from probation is dispositive of error in this case. We note, however, that defendant argues both that he complied with

his probation conditions and that, to the extent that he did not comply, he was unable to do so. The inherent contradiction in these alternative arguments is the precise reason why a hearing is necessary — to determine whether defendant complied with probation, could not comply with probation due to factors outside his control, or violated probation.