*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-457

JULY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Criminal Division |
| | } | |
| Ralph A. Bailey | } | DOCKET NO. 1267-10-11 Frcr |

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Defendant appeals from an order of the superior court, criminal division denying his motion for early discharge from probation. Defendant contends the court: (1) abused its discretion in denying the motion; and (2) improperly relied on unproved conduct. We affirm.

In October 2011, defendant was charged with engaging in a prohibited act—lewdness—by touching the breast of a minor, C.K., who was sixteen years-old at the time, in violation of 13 V.S.A. § 2632(a)(8). Shortly before trial was to commence, in November 2012, defendant entered a plea agreement in which he agreed to plead guilty to two amended charges of disorderly conduct, in violation of 13 V.S.A. § 1026(a)(1). The amended informations specifically alleged that defendant violated the statute by "slapping the buttocks of C.K" and making "inappropriate comments about C.K.'s body." Defendant was sentenced to concurrent terms of zero to sixty days on each count, all suspended, and two years of probation. The terms of probation required that defendant attend individual counseling with a counselor approved by his probation officer in order "to address age appropriate and general sexual boundaries," and further provided that defendant "may request early discharge upon completing counseling."

Less than one year later, in September 2013, defendant filed a motion to terminate probation. An evidentiary hearing on the matter was held the following month. Defendant called two witnesses. The first, defendant's probation officer, acknowledged that defendant had completed counseling, developed a better understanding of boundaries and age appropriate behavior, and generally had been "compliant." The probation officer agreed that discharge would be appropriate.

Defendant's therapist also testified. He acknowledged on direct examination by defense counsel that he had reviewed with defendant the affidavit of the arresting officer and discussed the allegations therein with defendant, who was forthcoming in admitting that he had engaged in certain behaviors with C.K. that were inappropriate "for a man his age to engage in with a 16-year-old" female. These behaviors included "poking" C.K. in the ribs, hitting her on the buttocks with a fly-swatter, and complimenting her on her sexual attractiveness. The therapist did not believe that defendant was likely to repeat these behaviors or would benefit from additional counseling. The State called no additional witnesses.

In rendering its decision on the record, the trial court observed that, although defendant had pled to the offense of disorderly conduct, the court could not "ignore" the fact that his conduct had involved the

"touching of a minor by an adult. Certainly inappropriate and sexual in nature." The court further found that "having [defendant] on probation ha[d] been good for him" and "good for . . . the public safety." In addition, the found that the remaining period of supervision was "fairly minimally intrusive to [defendant]" while providing the benefit of "protecting the public and in particular the victim of this case." The court thus concluded that early discharge was not appropriate, and denied the motion. This appeal followed.

Defendant contends the trial court abused its discretion in denying his motion for early discharge from probation, asserting that the "only evidence" presented to the court supported the motion. Our review is deferential. The decision to terminate probation is committed to the sound discretion of the trial court, and this Court will not disturb its decision absent a showing that the trial court failed to exercise discretion or exercised it for clearly untenable reasons. State v. Nolen, 2012 VT 106, ¶ 7, 193 Vt. 116.

Assessed in light of this standard, we discern no basis to disturb the judgment. The record evidence—including the amended informations to which defendant pled guilty and the testimony of defendant's own therapist—supported the court's finding that defendant had touched and spoken to a minor in a manner with inappropriate sexual connotations. The evidence further supported the court's finding that defendant had profited from supervision, which had also provided an added layer of protection to both the public and the victim in this case. These findings, in turn, support the trial court's discretionary judgment that completion of the original two-year probationary period was more appropriate than early discharge. Accordingly, we find no basis to disturb the ruling.

Defendant further claims that the trial court violated his rights by "considering unproved conduct contained in the affidavit." Although the court stated that it had reviewed the affidavit and was not required to disregard it, its decision—as expressed in its findings--was predicated principally on the "inappropriate and sexual . . . nature of" the conduct which defendant himself had acknowledged in pleading to the amended informations, agreeing to undergo counseling to address "sexual boundaries," and admitting to his therapist that he had come to understand that his "activities were inappropriate . . . to engage in with a 16-year-old." Thus, nothing in the record suggests that it relied on the allegations in the affidavit, rather than the charges to which defendant pled guilty, in making its decision. Accordingly, we find no basis to disturb the judgment. See State v. Daley, 2006 VT 5, ¶ 11, 179 Vt. 589 (mem.) (holding that any error in admission of testimony at sentencing was harmless where record showed that sentence was based on other evidence and factors).

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2