# State of Vermont v. Jeremy Lucas

[129 A.3d 646]

No. 14-047

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.**

Opinion Filed July 10, 2015

Motion for Reargument Denied August 31, 2015

*James Lillicrap*, Orleans County Deputy State's Attorney, Newport, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, *Anna Saxman*, Deputy Defender General, and *Kaitlyn Keating*, Legal Intern, Montpelier, for Defendant-Appellant.

¶ 1. **Robinson, J.** Defendant Jeremy Lucas appeals a trial court order finding him in violation of a probation condition, imposed as

part of a deferred-sentencing agreement, requiring prior approval from a probation officer before he changed his residence. Defendant argues that because his probation conditions included two inconsistent provisions governing his choice of residence, he did not have adequate notice that his conduct would violate the conditions of his probation. Defendant also argues that the condition in question contained an overly broad delegation of authority to his probation officer, and that the trial court abused its discretion in revoking his deferred sentence because the violation was minor and the probation officer ultimately approved the place to which he had moved. We affirm.

¶ 2. In August 2013, pursuant to a deferred-sentencing agreement, 13 V.S.A. § 7041, defendant pleaded guilty to a misdemeanor charge of disseminating indecent material to a minor, *id.* § 2802(a)(1). The charge arose from an incident in which defendant sent a photograph of his genitals by text message to two minors, between thirteen and fifteen years old, and received a picture of one of the minor's breasts. Defendant entered his plea following a competency evaluation, in which defendant was found competent.

¶ 3. The court accepted defendant's plea, entered a judgment of guilty, deferred defendant's sentence for two years, and issued a probation order. The probation conditions imposed by the court included what the court referred to as "standard conditions A-P inclusive." Condition G provided, "If you change your address or move, you must tell your probation officer *within two days.*" (Emphasis added.) In addition, the court imposed what it referred to as "special sex offender conditions," which appeared on an attached form produced by the Department of Corrections listing other conditions, which could be checked off if applicable. The final checked box on this attached form stated, "You shall reside/work where your Probation Officer or designee approves. You shall not change your residence/employment *without the prior permission* of your Probation Officer or designee." (Emphasis added.) During the plea-entry hearing, the trial court outlined some, but not all, of the special conditions of probation to which defendant was subject. The court asked defendant if he understood these conditions. The court did not specifically discuss either residence condition with defendant.

¶ 4. On October 23, 2013, the State filed a probation-violation complaint, alleging that defendant had violated the requirement that he not change his residence without the prior permission of

his probation officer. Before the merits hearing on the probation-violation complaint, defendant moved to dismiss the complaint and strike the residency condition. In support of his motion, defendant argued that under *State v. Freeman*, 2013 VT 25, 193 Vt. 454, 70 A.3d 1008, the condition requiring that defendant's probation officer give advance approval of his residence is unconstitutional because it unduly restricts his liberty and gives too much discretion to probation officers.

¶ 5. The undisputed testimony at the probation-violation hearing reflects the following. On October 3, 2013, defendant's mother telephoned defendant's probation officer, and left a message asking the probation officer to return her call. The probation officer returned the call, but did not reach defendant's mother. The following day, defendant's mother left the probation officer another message informing the officer that defendant had moved from his previous residence to her home. Defendant's mother testified that she had her son move to her home because she believed that his former residence, which was located near a preschool, two churches, and a school, was not a safe environment given his probation conditions. The probation officer investigated defendant's new residence with his mother and subsequently approved it. The evidence at the hearing confirmed that defendant had moved to his mother's home *before* his probation officer approved the new residence.

¶ 6. Following the hearing, the trial court denied defendant's motion to dismiss the complaint on the ground that defendant was "'barred from raising a collateral challenge to a probation condition that he was charged with violating, where the challenge could have been raised on direct appeal.'" *State v. Amidon*, 2010 VT 46A, ¶ 9, 188 Vt. 617, 8 A.3d 1050 (mem.) (quoting *State v. Austin*, 165 Vt. 389, 401, 685 A.2d 1076, 1084 (1996)). Because defendant agreed to the deferred-sentence agreement and did not appeal his conviction, the trial court ruled that he cannot now challenge the probation condition that he is accused of violating. Based on the above evidence, the court found that the State had proven a violation of the conditions, struck the deferred sentence, and imposed a zero-to-one-year suspended sentence, under the same terms and conditions as the previous plea agreement. See 13 V.S.A. § 7041(d) ("The court may impose sentence at any time if the respondent violates the conditions of the deferred sentence during the period of deferment."); *id.* § 7041(e) ("Upon violation of

the terms of probation or of the deferred sentence agreement, the court shall impose sentence.").

¶ 7. On appeal, defendant first argues that because his probation order contained two conflicting conditions relating to his residence — one requiring prior approval before he moved and one requiring only notification to his probation officer within two days of moving — the order did not provide him adequate notice that his conduct, which complied with one of the two conditions, would constitute a violation. The State argues that because defendant is raising this argument for the first time on appeal, we should not reach the merits of the argument. The State further argues that defendant's challenge constitutes an impermissible collateral challenge to the probation condition.

¶ 8. ██ We agree with defendant that a challenge to a probation condition based upon lack of notice that the condition prohibits conduct alleged to constitute a violation is not an impermissible collateral challenge to the condition. As we have explained, "To be charged with violating probation, a defendant must have notice before the initiation of a probation revocation proceeding of what circumstances will constitute a violation of probation." *State v. Sanville*, 2011 VT 34, ¶ 8, 189 Vt. 626, 22 A.3d 450 (mem.) (quotation omitted). Where a probation condition fails to "fairly inform defendant of what actions might subject him [or her] to probation revocation," the defendant may raise an argument based on a lack of fair notice at a probation-revocation proceeding, even if the defendant did not object to the condition at the time it was imposed. *Id.* ¶¶ 8-11 (reversing judgment that defendant had violated unchallenged probation condition prohibiting "violent or threatening behavior" because defendant was not fairly informed that conduct in altercation with landlord could constitute violation).

¶ 9. ██ We agree with the State, however, that defendant did not raise an argument related to lack of fair notice or any argument arising from the asserted conflict in the probation conditions regarding his residence before the trial court at the revocation hearing. "It is the established rule in this jurisdiction not to consider questions that have not been raised below." *State v. Welch*, 136 Vt. 442, 444, 394 A.2d 1115, 1116 (1978). We have previously held that this policy applies in the context of probation hearings, "even when the defendant asserts a violation of consti-

tutional rights." *State v. Gleason*, 154 Vt. 205, 210-11, 576 A.2d 1246, 1249 (1990). Thus, the trial court's ruling will stand unless the revocation of probation constitutes plain error. *Id.* at 211, 576 A.2d at 1249. Plain error exists " 'only in extraordinary situations where [the error] is obvious and strikes at the heart of defendant's constitutional rights or results in a miscarriage of justice.' " *State v. Bruno*, 2012 VT 79, ¶ 33, 192 Vt. 515, 60 A.3d 610 (quoting *State v. Koveos*, 169 Vt. 62, 66-67, 732 A.2d 722, 725 (1999)).

¶ 10. ■ We conclude that on this record the trial court's enforcement of the more restrictive of the two residence-related conditions did not rise to the level of plain error. Assuming without deciding that the conditions at issue are objectively inconsistent and fail to give fair notice, there is no evidence in the record that this defendant was confused about his obligations or misled by the conditions. This is not an extraordinary situation where the error, if any, results in a miscarriage of justice.*

¶ 11. Next, defendant argues that the condition requiring prior approval of his relocation is unduly restrictive of his liberty, and an overly broad delegation of authority to defendant's probation officer, given our holding in *State v. Freeman*, 2013 VT 25, ¶ 17. The State argues that defendant's argument constitutes an impermissible collateral challenge to the unappealed probation condition that is barred by our decisions in *Austin* and *Amidon*.

¶ 12. ■ We revisited *Freeman* recently in the case of *State v. Campbell*, 2015 VT 50, ¶¶ 25-27, 199 Vt. 78, 120 A.3d 1148, and summarized its core holding: "[A] probation condition . . . that authorizes a probation officer to control a probationer's place of employment without any guiding standards contained within the condition itself, may be acceptable where the sentencing court makes sufficient findings of fact justifying use of a probation officer's substantial discretionary power to implement the condition." *Id.* ¶ 27. This principle applies with equal force to conditions allowing a probation officer to control a probationer's residence. *Freeman*, 2013 VT 25, ¶ 17.

---

* We do not reach the question of whether, if defendant had properly raised his argument at the revocation hearing, he would prevail in his contention that the disparate conditions regulating the same general subject matter create confusion that undermines defendant's fair notice of his obligations under the probation order.

¶ 13. This understanding of our holding in *Freeman*, and now *Campbell*, informs our analysis of the State's waiver argument. Relying on *Freeman*, defendant cannot argue that, on its face, the broad probation condition is necessarily unconstitutional, amounting to plain error. Instead, he is necessarily arguing that the broad condition was imposed *without the necessary findings* to support such a condition.

¶ 14. ■ ■ The conditions in this case were imposed pursuant to a deferred-sentencing agreement. The trial court did not hold a trial on the merits of the underlying charges, and did not have the benefit of evidence at a sentencing hearing. By entering into the plea agreement for a deferred sentence, defendant gave up the chance to obtain factual findings from the trial court to support the broad condition. He then failed to appeal the ensuing deferred sentence and conditions. Defendant has essentially given up the opportunity to challenge the adequacy of the trial court's findings in support of the otherwise overly broad condition. Under these circumstances, we conclude that the trial court did not err in declining to entertain defendant's challenge to the enforcement of the condition requiring preapproval of his residence. A *Freeman*-style challenge to the adequacy of the court's findings in support of a probation condition cannot be raised by collateral attack. See *Austin*, 165 Vt. at 401-02, 685 A.2d at 1084 (declining to allow challenge to probation condition in revocation hearing where condition " 'could have been challenged on direct appeal of the judgment of conviction or on an attack to the sentence through a [Vermont Rule of Criminal Procedure] 35 motion' " (emphasis omitted) (quoting *United States v. Stine*, 646 F.2d 839, 846 (3d Cir. 1981))).

¶ 15. Finally, defendant argues that because he promptly notified his probation officer of his relocation, and because his residence with his mother was subsequently approved, any violation of his probation conditions was de minimis and could not support imposition of his sentence.

¶ 16. ■ As we have said, "[d]ecisions regarding probation status are entrusted to the sound discretion of the trial court." *State v. Nolen*, 2012 VT 106, ¶ 7, 193 Vt. 116, 71 A.3d 1213. "Under 28 V.S.A. § 251, the court placing a person on probation may terminate the period of probation and discharge the person at any time if such termination is warranted by the conduct of the

offender and the ends of justice." *Id.* (alteration and quotation omitted). A trial court's ruling will not be set aside absent a finding of abuse of discretion. *Id.* (citing *State v. Merchant*, 173 Vt. 249, 254, 790 A.2d 386, 391 (2001)). To prove an abuse of discretion, a "defendant must show 'that the court failed to exercise its sound discretion or exercised it for clearly untenable reasons.'" *Id.* (quoting *State v. Daudelin*, 151 Vt. 214, 217, 559 A.2d 668, 670 (1989)).

¶ 17. ■ The State's decision to pursue this particular violation even though defendant's mother promptly notified defendant's probation officer of his move to her home, and even though her home proved to be an acceptable residence for defendant, had profound consequences for defendant. But we cannot conclude that the trial court abused its discretion in finding a violation of probation and revoking defendant's deferred sentence. Here, after hearing testimony from defendant's probation officers, the court concluded that defendant had been informed as to the conditions of his probation, that he signed the conditions, and that he changed residences without the prior approval of his probation officer in violation of the special condition. The court went on to find that the residence-approval condition had been imposed specifically because defendant was convicted for a sex-related offense and that defendant could have called his probation officer and received permission before moving. Given its reasoning, the trial court's conclusion that defendant violated the conditions of his deferred-sentence probation and its decision to impose sentence were within its discretion.

*Affirmed.*