NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 37

No. 2014-142

State of Vermont | Supreme Court
---|---
 | On Appeal from
v. | Superior Court, Orange Unit,
 | Criminal Division
Thomas Gauthier | February Term, 2015

Robert P. Gerety, Jr., J.

William H. Sorrell, Attorney General, and Evan Meenan, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

Matthew F. Valerio, Defender General, and Joshua O'Hara, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT:  Reiber, C.J., Dooley, Skoglund and Robinson, JJ., and Burgess, J. (Ret.), Specially Assigned

¶ 1.  **DOOLEY, J.**  Defendant Thomas A. Gauthier appeals from the trial court's order revoking his probation.  Defendant argues that the probation conditions that the court determined he had violated are unenforceable because he claims the conditions were not part of "a certificate explicitly setting forth the conditions" of probation, as required by 28 V.S.A. § 252(c).  Defendant also raises challenges to specific conditions, arguing that they are contradictory or vague and not enforceable.  We affirm.

¶ 2.  The facts are taken from the record and are uncontested, except when indicated.  In May 2009, defendant was charged with one count of engaging in a sexual act with a person under the age of sixteen, 13 V.S.A. § 3252(c), a felony, and one count of furnishing alcohol to a person under the age of twenty-one, 7 V.S.A. § 658(a)(1).  The charges arose from an April 2009

incident in which defendant, then age twenty, had intercourse with a fifteen-year-old girl in the back of a car after a night of drinking alcohol and smoking marijuana.

¶ 3.    In November 2009, defendant and the State entered into a deferred-sentencing agreement.  See 13 V.S.A. § 7041(a) (authorizing court to defer sentencing and place defendant on probation under conditions).  Under the terms of that agreement, the State dismissed the furnishing-alcohol charge, defendant pleaded guilty to the sexual-act charge, and sentencing was deferred for five years while defendant was placed on probation, which required him to conform to several conditions.  The trial court accepted the agreement in March 2010.

¶ 4.    In June 2010, the State filed a violation-of-probation complaint against defendant, alleging that he had been out of state without permission in violation of one of the conditions in his deferred-sentence agreement.  Defendant admitted the violation, and the trial court imposed sentence at an October 2010 hearing.  See id. § 7041(e) ("Upon violation of the terms of probation or of the deferred sentence agreement, the court shall impose sentence.").

¶ 5.    At the sentencing hearing in connection with that violation of probation, the State proposed a deal whereby the court would impose a zero-to-four-year sentence, all suspended, and would impose the probation conditions in the original deferred-sentencing agreement as well as "some special sex-offender treatment conditions that the Department of Corrections uses in these types of cases."  Defendant expressed concern that the condition restricting contact with people under the age of eighteen would interfere with his relationship with his then-nine-month-old daughter, but ultimately accepted the State's offer.  The court imposed "a sentence of zero to four years, all suspended with probation; the same probationary conditions that previously existed, as well as the special sex-offender conditions that have been marked as State's 1."

¶ 6.    The probation order issued by the court consists of one page with a two-page attachment.  The initial page lists several conditions and references "State's 1, attached conditions," and the two-page attachment is labeled with a "State's 1" exhibit sticker.  The attachment contains a list of additional conditions, and each condition is preceded by a box.

2

None of the boxes are checked. The probation order was signed by the court, defendant's probation officer, and defendant. Defendant did not appeal his sentence. Subsequently, defendant filed motions to modify several conditions, including some on the attached list, indicating that he understood he was bound by them.

¶ 7. Defendant's probation officer filed several probation-violation complaints, alleging defendant had accessed social media sites and pornography, possessed alcohol, been in a place where children congregate, and violated his curfew. Defendant disputed the violations, but did not argue that the probation order failed to provide him with proper statutory notice. Following a contested hearing, the court found that defendant violated the following probation conditions: (1) drinking alcohol; (2) accessing and loitering in places where children congregate; and (3) violating his curfew. Based on these violations, the court revoked defendant's probation.

¶ 8. On appeal from this revocation, defendant argues for the first time that the conditions are not enforceable because the order did not meet the statutory notice requirement. The statute requires that "[w]hen an offender is placed on probation, he or she shall be given a certificate explicitly setting forth the conditions upon which he or she is being released." 28 V.S.A. § 252(c). According to defendant the "special sex-offender conditions" listed on the "State's 1" attachment are unenforceable because the probation order did not provide him adequate notice that he was subject to each and every one of the conditions listed, but not checked, on that document.

¶ 9. Defendant's challenge to the validity of the probation conditions based on alleged noncompliance with 28 V.S.A. § 252(c) is unpreserved. Defendant did not raise this challenge in the probation-revocation proceeding that is now on appeal.

¶ 10. In these circumstances, defendant can prevail only if there was plain error. A claim of error rises to the level of plain error only if "(1) there is error; (2) the error is obvious; (3) the error affects substantial rights and results in prejudice to the defendant; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." State v.

3

Waters, 2013 VT 109, ¶ 16, 195 Vt. 233, 87 A.3d 512. Applying these factors, we conclude there was no plain error because even if the first element is present, the last three are not. The error, if any, was not obvious. There was no wholescale failure to provide defendant with a document listing his probation conditions. In fact, defendant received a probation order listing all of the conditions. Further, defendant was not prejudiced by any failure to comply with § 252(c) because he was fully aware of the information that was allegedly not provided. Finally, the error, if any, does not seriously affect "the fairness, integrity or public reputation of judicial proceedings." Waters, 2013 VT 109, ¶ 16. In fact, the remedy—to let defendant violate probation conditions he agreed to—has an adverse effect on the integrity or public reputation of the judiciary. For these reasons, defendant fails to demonstrate plain error.

¶ 11. Therefore, we turn to defendant's arguments concerning the particular violations of probation and the resulting revocation of his probation. A violation of probation "presents a mixed question of law and fact." State v. Woolbert, 2007 VT 26, ¶ 8, 181 Vt. 619, 926 A.2d 626 (mem.). The trial court makes the necessary factual findings about the probationer's actions and then makes a legal conclusion concerning whether those actions amounted to a violation of the probationary terms. Id. We affirm the factual findings if supported by credible evidence and the legal conclusions if supported by the findings.

¶ 12. Defendant challenges the court's conclusions that he violated the condition prohibiting him from possessing alcohol and the condition prohibiting him from accessing and loitering in places where children congregate. In both instances defendant does not challenge the court's underlying factual findings; rather, defendant asserts that those findings are insufficient to support a violation.

¶ 13. At the outset, we emphasize that defendant's arguments are being made in the context of a probation-violation proceeding. We have held that a defendant is "barred from raising a collateral challenge to a probation condition that he was charged with violating, where the challenge could have been raised on direct appeal from the sentencing order." State v.

4

Austin, 165 Vt. 389, 401, 685 A.2d 1076, 1084 (1996). Therefore, defendant may not collaterally attack the conditions on a basis that could have been brought in a direct appeal.

¶ 14. Defendant's challenges to the alcohol violation stem from the fact that the court imposed two conditions related to alcohol—one on the main page of the probation order and a different one in the attached list. The first condition prohibits defendant from drinking alcohol to the extent it interferes with his employment or the welfare of his family. The second condition prohibits defendant from purchasing, possessing, or consuming alcohol. The court concluded that defendant violated this second more-restrictive condition when he admitted that he had consumed alcohol. Defendant argues that the conditions are contradictory and therefore ambiguous. According to defendant, this ambiguity should be construed against the State and in favor of the less-restrictive condition.

¶ 15. To the extent defendant argues the conditions on their face are unenforceable because they are contradictory and therefore vague, his challenge could have been brought in a direct appeal and is therefore barred.

¶ 16. To the extent defendant's argument is about lack of notice, it is not "an impermissible collateral challenge." See State v. Lucas, 2015 VT 92, ¶ 8, ___ Vt. ___, 129 A.3d 646 (explaining that defendant's challenge to two similar probation conditions as providing conflicting instruction and therefore inadequate notice was not barred). Defendant did not, however, raise this notice argument below, and we therefore review it for plain error. See id. ¶ 9 (stating that where defendant did not raise fair-notice argument below, it would be reviewed for plain error); see State v. Allen, 145 Vt. 593, 599, 496 A.2d 168, 171 (1985) (holding that defendant failed to preserve notice argument related to more restrictive alcohol condition and reviewing for plain error).

¶ 17. We conclude that there was no error, let alone plain error, in this case insofar as the two alcohol conditions are not contradictory or ambiguous. We were faced with a similar situation in State v. Allen. In that case, the probationer was subject to the same two alcohol

conditions imposed in this case. One condition prohibited the purchase, possession, or consumption of alcohol. <u>Allen</u>, 145 Vt. at 598-99, 496 A.2d at 171. Another condition prohibited him from consuming alcohol to the extent it interfered with his employment or the welfare of his family. <u>Id</u>. at 599; 496 A.2d at 171. The probation officer sought clarification from the trial court, and the court replied that the condition prohibiting the purchase, possession, or consumption of alcohol was to be enforced. On appeal from a violation of that condition, the probationer argued that he did not have proper notice of the conditions imposed on him. This Court rejected the notion that there was any ambiguity and explained that "[a]t all times" the probationer was on notice that he was subject to the stricter alcohol condition. <u>Id</u>.

¶ 18. Similarly, we conclude here that there is no merit to defendant's arguments that the conditions were contradictory or ambiguous. Although the probation order contained two conditions related to alcohol, the terms of the conditions are not in conflict. Defendant could meet the requirements of both conditions simply by abiding by the stricter condition.

¶ 19. Even if there was some ambiguity or inconsistency, this does not rise to the level of plain error since defendant has not demonstrated that any error results in "a miscarriage of justice." <u>State v. Bruno</u>, 2012 VT 79, ¶ 33, 192 Vt. 515, 60 A.3d 610 (quotation omitted) (defining plain error). Defendant was aware at all times that both conditions had been imposed and presents no evidence that he was confused or misled about the requirements of the conditions. See <u>Lucas</u>, 2015 VT 92, ¶ 10 (holding that trial court's enforcement of more-restrictive residence condition did not amount to plain error where record failed to demonstrate that two residence conditions resulted in defendant being confused or misled about content of conditions or his obligations).

¶ 20. Defendant's final arguments concern the violation of the condition prohibiting him from accessing or loitering in places where children congregate by attending the Tunbridge World's Fair. The condition reads: "You may not access or loiter in places where children congregate, i.e., parks, playgrounds, schools, etc., unless otherwise approved, in advance, by

your probation officer or designee." At the probation-violation proceeding, defendant's probation officer testified that the night before the fair he sent a text message to defendant, reminding defendant that his conditions of probation prevented defendant from attending the fair. He further testified that he attended the fair the following day and saw defendant there. Defendant argued that he did not receive the text from his probation officer, that he was at the fair doing community service, and that the condition was too vague to include the fair.

¶ 21. The court found that there was sufficient evidence to support a violation. The court found that the fair is a place where children congregate—especially on Saturday when defendant attended—and that defendant's probation officer did not give permission to attend the fair. The court concluded that defendant had violated the condition by going to the fair.

¶ 22. On appeal, defendant argues for the first time that he cannot be violated for going to the fair because the condition's plain language provides an exclusive list of places, which does not include fairs. Defendant's argument hinges of the use of the prefix "i.e." in the language of the probation condition. This abbreviation stands for the latin "id est," meaning "that is." Black's Law Dictionary 749 (7th ed. 1999). Therefore, according to defendant, the list of places following "i.e." is an exhaustive explanation of the places defendant can go, as opposed to a list that is preceded by "e.g.," which indicates the items following it are examples. Because the list does not include "fair," defendant claims he was not on notice that attendance at the fair was prohibited. Defendant did not raise this argument below, and therefore he must demonstrate there was plain error. See State v. Butson, 2008 VT 134, ¶ 15, 185 Vt. 189, 969 A.2d 89 (setting forth plain-error standard); see also Lucas, 2015 VT 92, ¶¶ 8-9 (explaining that lack-of-notice argument not collaterally barred in probation-revocation proceeding, but subject to plain-error review if not raised below).

¶ 23. There was no plain error insofar as the language of the entire condition combined with the facts of the case provided defendant with notice that the list of places in the condition was illustrative, and did could include a fair. Generally, as defendant correctly points out, the

7

abbreviation "i.e." means "that is" and usually introduces explanatory information about the phrase preceding it. This is in contrast to the abbreviation "e.g.," which generally introduces a nonexclusive list of examples. It does not follow, however, that the list following "i.e." in this case is exclusive. See Austin, 165 Vt. at 400, 685 A.2d at 1083 (explaining that probation agreement "is not to be treated as a strait-jacket that defies common sense" (quotation omitted)).

¶ 24. When the condition is read in its entirety, it is evident that the list is meant to be illustrative. The list has "etc." at the end of it, indicating that there existed other places that could satisfy the operative language "places where children congregate." Further, this construction makes sense. Considering that the main purpose of the condition was to preclude defendant from accessing or loitering in places where children congregate, it is reasonable to conclude that the list following that operative phrase was meant for purposes of example not limitation. See United States v. MacMillen, 544 F.3d 71, 74-75 (2d Cir. 2008) (holding that list in condition directing defendant to avoid "areas or locations where children are likely to congregate[,] such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, and recreation parks" was "merely illustrative of the types of places where children are likely to be"). Therefore, we conclude that the condition put defendant on notice that he was prohibited from accessing and loitering in places where children congregate, and not just in parks, playgrounds, and schools.

¶ 25. Further, there is no merit to defendant's argument that the language "where children congregate" is overly vague and thus failed to put him on notice that he was prohibited from attending the Tunbridge Fair.[1] To satisfy due process, a defendant must have notice of

_____

[1] We note that some of the cases cited by defendant involved challenges to similar conditions on constitutional grounds as void for vagueness. See, e.g., Fitzgerald v. State, 805 N.E.2d 857, 868 (Ind. Ct. App. 2004) (holding that, as written, condition prohibiting access to playgrounds and parks or other places children are known to congregate was overly vague and remanding for court to reconsider and clarify). Defendant is barred from raising such a collateral challenge in the context of this probation-violation proceeding. Therefore, we consider solely whether the condition adequately informed him that attending the fair was prohibited. See Lucas, 2015 VT 92, ¶ 8.

what acts may amount to a violation of probation. State v. Sanville, 2011 VT 34, ¶ 8, 189 Vt. 626, 22 A.3d 450 (mem.). In interpreting terms of probation, this Court looks to the common understanding of the language used. State v. Danaher, 174 Vt. 591, ¶ 15, 819 A.2d 691 (2002) (mem.) (explaining that defendant had fair notice that word "contact" used in probation order meant in proximity because that was "the ordinary meaning of contact"). Congregate is commonly used to mean to "come together in a group or crowd." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/congregate [https://perma.cc/EZ4T-26FR]. As other courts have found, the phrase "where children congregate" is descriptive enough to put a defendant on notice that it includes all places where children are likely to be found in large numbers. See MacMillen, 544 F.3d 71, 75 (2d Cir. 2008) (holding that phrase "areas or locations where children are likely to congregate" was not vague and list of places in condition was merely illustrative and not exhaustive). And, as the trial court found here, the fair is a place where children are known to gather in large numbers, especially at the time defendant attended.

¶ 26. We are not persuaded by the cases defendant cites to support his lack-of-notice argument because the language of the conditions in the other cases differs in significant ways from the language in this case. In several of the cases cited by defendant the phrase "where children congregate" follows, rather than precedes, the list of places, and for that reason courts have found that the condition failed to provide clear instruction as to what places must be avoided. For example, in United States v. Peterson, 248 F.3d 79, 86 (2d Cir. 2001), the court concluded that a condition prohibiting the defendant from "being on any school grounds, child care center, playground, park, recreational facility or in any area in which children are likely to congregate" was overly broad because it was unclear if the phrase "area in which children are likely to congregate" applied only to "any area," and could be read to prohibit access to any park, even if it was not a place children were likely to congregate. See Fitzgerald, 805 N.E.2d at 868 (concluding condition overly broad because places listed before limiting phrase "where children

9

are known to congregate" and remanding for clarification). In another case cited by defendant, the condition prohibited lingering, loitering, or spending time at locations where children were "present." Ellis v. State, 470 S.E.2d 495, 496 (Ga. Ct. App. 1996). The court there concluded this condition lacked specificity because it could be applied to prohibit the defendant "from shopping at virtually any store." Id.

¶ 27. The condition in this case does not suffer from either of these infirmities. The list of illustrative places follows the operative phrase "where children congregate," and therefore provides a sufficient limitation on the places to be avoided. Further, the condition at issue prohibits defendant from accessing or loitering in places where children congregate as opposed to where they are simply present.

¶ 28. Defendant's final contention is that the condition impermissibly delegates authority to his probation officer. The court may not delegate the power to impose probation conditions to a probation officer. State v. Moses, 159 Vt. 294, 300, 618 A.2d 478, 482 (1992). The court may, however, give probation officers discretion in the implementation of probation conditions. Id. Defendant asserts that the condition is impermissible because it grants the probation officer authority to give defendant permission to go to a particular place. Defendant did not raise this challenge below, so our review is for plain error.

¶ 29. Defendant likens his situation to that presented in State v. Rivers, 2005 VT 65, 178 Vt. 180, 878 A.2d 1070. In that case, the defendant was under a condition precluding "contact" with children under the age of sixteen without his probation officer's prior approval. Id. ¶ 16. This Court held that the probation officer's instruction to defendant that he could not attend a fair amounted to an improper delegation because the condition was so broad that it essentially gave the probation officer authority to determine which public places the defendant could frequent. Id. ¶ 14.

¶ 30. We conclude that there was no plain error in this case insofar as defendant fails to demonstrate how he was prejudiced by any improper delegation in this condition. Unlike the

10

language in <u>Rivers</u>, the language of the condition here provided defendant with sufficient notice that he was precluded from attending the fair. Thus, in contrast to <u>Rivers</u>, it was the condition itself, imposed by the court, and not any instructions from defendant's probation officer that set the parameters of defendant's conduct.

<u>Affirmed</u>.

_____
Associate Justice

¶ 31.  **ROBINSON, J., concurring in part, dissenting in part.**  Insofar as the majority holds that there was no error in this case in connection with the alcohol-related conditions purportedly applied to defendant, I dissent from the majority's analysis. However, I concur in the majority's affirmance of the trial court's decision concerning those conditions on narrower plain-error grounds.[2]

¶ 32.  The probation order in this case included the following condition:

> You shall not drink alcoholic beverages to the extent they interfere with your employment or the welfare of your family, yourself or any other person. You must submit to any alcosensor test or any other alcohol test when your probation officer or their designee tells you to do so.

¶ 33.  The additional conditions appended to the probation order, listed but not checked, includes the following condition:

> You shall not purchase, possess or consume any alcoholic beverages, or illegal substances, and shall enter and successfully complete a course of substance abuse screening and/or treatment, including residential, if so directed by your Probation Officer or designee.

---

[2]  I concur in the Court's conclusions that in this case the court's enforcement of probation conditions listed on a form next to unchecked boxes does not rise to the level of plain error and that the probation condition prohibiting defendant from accessing places where children congregate was sufficient to provide defendant notice with respect to his presence at the fair on a Saturday afternoon. I express no opinion on the questions of whether this condition is supportable in this case, is unconstitutionally overbroad, or gives rise to an impermissible delegation of authority to defendant's probation officer.

¶ 34. On the basis of his admission to having wine with dinner on more than one occasion three years prior, the court concluded that defendant had violated the second of the above conditions relating to alcohol consumption.

¶ 35. We have consistently recognized that due process requires that a defendant know what conduct is forbidden before the State initiates a probation revocation proceeding. See State v. Hammond, 172 Vt. 601, 602, 779 A.2d 73, 75 (2001) (mem.) (quoting State v. Bubar, 146 Vt. 398, 405, 505 A.2d 1197, 1201 (1985)); see also State v. Peck, 149 Vt. 617, 619, 547 A.2d 1329, 1331 (1988) ("[D]ue process requires that a convicted offender be given fair notice as to what acts may constitute a violation of [the defendant's] probation."). A condition of probation must be "so clearly implied that a probationer, in fairness, can be said to have notice of it." State v. Austin, 165 Vt. 389, 398, 685 A.2d 1076, 1082 (1996).

¶ 36. The first of the alcohol-related conditions in defendant's probation order clearly suggests to defendant, or any other reasonable probationer, that he is free to possess and consume alcoholic beverages as long as doing so does not interfere with his employment or the welfare of himself or other. In stark contrast, the second of these conditions—the one listed in an appendix to the probation order that lists a host of conditions, each next to an unchecked check-box—completely prohibits defendant from possessing or consuming any alcoholic beverages.[3] These two conditions communicate squarely inconsistent messages as to what conduct is expected of defendant.

_____

[3] The fact that the attachment purportedly containing the second, more severe condition lists a host of conditions next to check-boxes, all of which are unchecked, further calls into question the enforceability of this condition. I concur with the majority that on the record in this case, enforcement of the conditions listed in the attachment next to unchecked boxes does not amount to plain error. Ante, ¶ 10. Prior to the violation at issue here, defendant successfully sought to amend conditions contained on the attachment, undermining the argument that the absence of check marks left this defendant without notice that the listed conditions applied. But we have recognized that use of a list like this, with no specific conditions checked, creates confusion about what conditions are actually imposed. State v. Cornell, 2014 VT 82, ¶ 7, 197 Vt. 294, 103 A3d 469. And we have held that rote imposition of standardized probation conditions, without any consideration of their applicability in a particular case, "runs afoul of the principles of individualized sentencing." State v. Putnam, 2015 VT 113, ¶ 41, __ Vt. __, 130

¶ 37. The majority asserts that the two conditions are not contradictory or ambiguous because defendant could meet the requirements of both conditions simply by abiding by the stricter condition. Ante, ¶ 18.

¶ 38. While logically true, the majority's position on this point is in tension with the requirement that probation conditions must give a defendant fair notice of what conduct is prohibited and what conduct is required. See State v. Sanville, 2011 VT 34, ¶¶ 9-10, 189 Vt. 626, 22 A.3d 450 (mem.). Moreover, it flies in the face of the rule of lenity, requiring us to construe ambiguous statutes—or in this case, probation conditions—in favor of the defendant. State v. LaBounty 2005 VT 124, ¶ 4, 179 Vt. 199, 892 A.2d 203. The question here is not whether defendant can technically comply with one provision without running afoul of the second, or whether the two can be parsed in a way that is logically consistent; the question is whether the inclusion of both conditions communicates inconsistent messages about what conduct is proscribed.

¶ 39. A California appeals court considered a similar situation in reviewing a probation order that contained three different conditions relating to internet usage. In re Victor L., 106 Cal. Rptr. 3d 584 (Ct. App. 2010). One condition prohibited the minor (in a juvenile case) from accessing or participating in any social networking site; a second prohibited the minor from using, possessing, or having access to a computer with an internet connection; and the third prohibited the minor from using the internet without school or parental supervision. The court noted that the second condition prohibited all internet usage, whereas the first and third conditions contemplated that the defendant would be allowed internet access with certain limitations. Id. at 602. The court rejected the suggestion that in the face of overlap, the most restrictive condition prevails, and noted that applying the second condition would render the first and third conditions either superfluous or contradictory. Id. The court explained:

A.3d 836. These factors render the probation order in question problematic at best, but are not the basis for this separate opinion.

It appears to us that the Internet provisions—part of a pre-printed form—were intended to provide a graduated range of conditions restricting Internet access and were not intended to be checked off willy-nilly in all gang-related cases. . . . We believe the form calls for the probation officer and court to assess which level of Internet restriction is most appropriate for the minor in each case and to select the appropriate condition of probation accordingly.

Id. at 602-03.

¶ 40. Concluding that the overlap of the first and third conditions was neither incomprehensible nor contradictory, but that the application of the second condition prohibiting use or access to an internet-enabled computer alongside either or both of the other conditions made no sense, the court concluded that all three conditions together were unconstitutionally vague. Id. at 603. In order to remedy the inconsistency, the court narrowed the second condition so that it only reached the act of possessing a computer with internet access, and did not purport to restrict use or access. Id.

¶ 41. In this case, the various forms from which the State and ultimately the court have drawn conditions likewise provide for a graduated range of conditions relating to alcohol usage that "were not intended to be checked off willy-nilly" in all crimes of sexual violence. Id. Inclusion of both conditions communicates inconsistent messages to a defendant concerning what behavior is proscribed and suggests a lack of the individualized consideration required in the imposition of probation conditions. See Putnam, 2015 VT 113, ¶ 41.

¶ 42. I do not believe this court's analysis in State v. Allen, 145 Vt. 593, 496 A.2d 168 (1985) compels a contrary conclusion. In that case, after the court's imposition of the two alcohol related conditions, the defendant and the State had a dispute about the interaction of the two conditions. Id. at 598-99, 496 A.2d at 171. In response, the State sought clarification from the court, which issued an order affirming that the more stringent condition applied. In the context of a subsequent proceeding for violation of the condition, this Court affirmed the propriety of enforcing the more stringent of the two conditions. Id. In Allen, before the violation, the court specifically addressed and resolved the ambiguity arising from the inclusion

14

of the two provisions. To the extent that any language in the Court's opinion in that case suggests that the two provisions are not in tension and not ambiguous, it should be overruled as inconsistent with the more rigorous scrutiny of probation conditions that has characterized this Court's subsequent decisions. See, e.g., Putnam, 2015 VT 113; State v. Campbell, 2015 VT 50, __ Vt. __, 120 A.3d 1148; State v. Bostwick, 2014 VT 97, 197 Vt. 345, 103 A.3d 476.

¶ 43. Because the error in imposing inconsistent probation conditions concerning alcohol usage does not rise to the level of plain error on the record in this case, I concur in the Court's judgment affirming the violation of the no-alcohol condition.

¶ 44. I am authorized to state that Justice Skoglund joins this concurrence and dissent.

_____
Associate Justice