*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-312

APRIL TERM, 2016

| | |
|---|---|
| In re Douglas Walker | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| | } Civil Division |
| | } |
| | } |
| | } DOCKET NO. 233-4-14 Rdcv |
| | |
| | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the dismissal of his petition for post-conviction relief (PCR). We affirm.

The facts are not in dispute. On January 16, 1997, petitioner entered into a plea agreement and was convicted and sentenced to thirty months to fifteen years for first-degree aggravated domestic assault and one-to-three years for felony violation of an abuse-prevention order. On that same date, pursuant to a plea agreement, petitioner was convicted of an additional felony violation of an abuse prevention order and sentenced to one-to-three years concurrent with the other sentences.

On January 28, 1999, petitioner, pursuant to a plea agreement, was convicted of escape and sentenced to zero-to-three years consecutive to his preexisting sentence. On March 16, 1999, pursuant to a plea agreement, petitioner was again convicted of escape and sentenced to one-to-five years consecutive to his preexisting sentence. On that same date, pursuant to a plea agreement, petitioner was convicted of grand larceny and sentenced to one-to-five years concurrent with the other sentence imposed that day and consecutive to the preexisting sentence.

On March 31, 2004, pursuant to a plea agreement, petitioner was convicted of felony possession of heroin and sentenced to fifteen months to five years consecutive to his preexisting sentence.

On October 1, 2008, pursuant to a plea agreement, petitioner was convicted of felony aggravated domestic assault and sentenced to fourteen-to-forty-eight months consecutive to his preexisting sentence.

On March 16, 2011, pursuant to a plea agreement, petitioner was convicted of felony escape and sentenced to nine-to-twenty-eight months consecutive to his preexisting sentence. On that same date, pursuant to a plea agreement, petitioner was convicted of unlawful mischief and sentenced to three-to-six months concurrent with the other sentence imposed that day and consecutive to his preexisting sentence.

On April 9, 2014, petitioner filed a pro se PCR petition, arguing that in the cases in which sentences were imposed consecutive to preexisting sentences, the trial court failed to abide by mandates set forth in 13 V.S.A. §§ 7030(a) and 7032(a)-(b). Petitioner was later assigned counsel, but no amended petition was filed. In response to the parties' opposing motions to dismiss, the civil division of the superior court ruled in favor of the State, granting its motion to dismiss. The court ruled that § 7030(a) is not applicable to this case and that, to the extent that it is, petitioner waived his right to challenge the sentences under that provision by entering into plea agreements in which he agreed to the sentences that were ultimately imposed. The court further ruled that the trial courts in the above cases abided by § 7032(a)-(b). On appeal, petitioner raises the same arguments that he raised before the superior court.

Section 7030(a) provides that in determining whether to impose a deferred sentence, a supervised community sentence, a sentence of imprisonment, probation, or referral to a community reparative board, the trial court shall consider certain factors: "the nature and circumstances of the crime, the history and character of the defendant, the need for treatment, and the risk to self, others, and the community at large presented by the defendant." We agree with the superior court that § 7030(a) is not applicable in the present situation, where defendant entered into plea agreements and the court imposed the sentences to which defendant agreed. Because defendant agreed to particular sentences of incarceration, there was no need for the court to consider the factors enumerated in § 7030(a). "[O]ur decisions authorize a defendant to waive virtually any right, constitutional or statutory, as long as the waiver is knowing, intelligent, and voluntary." State v. Hance, 157 Vt. 222, 224 (1991). As the superior court noted, petitioner does not argue that he did not enter into the plea agreements knowingly, intelligently, and voluntarily. Furthermore, transcripts of the change-of-plea hearings confirm that petitioner entered into those agreements knowingly, intelligently, and voluntarily. Hence, there is no reason to invalidate the sentences imposed pursuant to the plea agreements. Cf. State v. Lucas, 2015 VT 92, ¶ 14 (holding that by entering into plea agreement and failing to appeal ensuing sentence defendant waived opportunity to obtain and challenge factual findings in support of broad probation condition).

Section 7032(a) provides that when a person sentenced to a term of imprisonment is convicted of another offense before being discharged from the former sentence, "the Court may sentence him or her to an additional term of imprisonment and shall specify whether this additional term shall be served concurrent with or consecutive to the prior sentence or sentences." Furthermore, § 7032(b) provides, in part, that when multiple sentences are imposed "in addition to a prior sentence or sentences from which the person has not yet been discharged, they shall run concurrently with or consecutive to any prior sentence or sentences as the Court shall determine at the time of sentencing." In this case, petitioner agreed to the imposition of

2

particular sentences, including whether they were to run concurrently or consecutively to prior sentences, and the court accepted the plea agreements after assuring that petitioner had entered into them knowingly, intelligently, and voluntarily. There is no violation of the statute.

Petitioner also challenges his sentences on a contract theory, however the analysis on which he relies is inapplicable to his case.

Affirmed.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice