*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-232

MARCH TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Miles Otis Dow, Jr. | } | DOCKET NO. 1001-7-14 Wmcr |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the superior court's denial of his motion to dismiss after he conditionally pled guilty to multiple violations of a condition of release and an abuse prevention order. We affirm.

On March 31, 2014, the criminal division of the superior court issued a condition of release forbidding defendant from contacting the complainant, Dawn Dow, in an any manner either directly or through a third person. On April 9, 2014, the family division of the superior court issued an abuse prevention order forbidding defendant from communicating or attempting to communicate with the complainant in any manner either directly or through a third party, "except Nicholas Dow may act as third party communicator between parties ONLY about the parties' finances, debts, and the like." In July 2014, defendant was charged with six counts of violating the abuse prevention order and five counts of violating the condition of release based on his attempting to contact the complainant through mailed letters to her residence.

In June 2016, defendant filed a motion to dismiss the charges on due process grounds, arguing that the two orders he was charged with violating were inconsistent with each other and did not provide reasonable notice of what was prohibited. During a June 20, 2016 hearing, the superior court denied the motion to dismiss, stating that the State was alleging that defendant had attempted to contact the complainant other than through the only mediator permitted by the abuse prevention order, and thus there was no inconsistency or ambiguity impeding defendant's ability to follow the orders. At the same hearing, the court accepted defendant's conditional guilty plea to four violations of the abuse prevention order and three violations of the condition of release. Three charges were dismissed conditionally pursuant to a plea agreement and one charge was dismissed by the State outside of the plea agreement.

On appeal, defendant argues that due process considerations require dismissal of the charges because the two orders he allegedly violated are contradictory and did not provide him a reasonable opportunity to know what conduct was prohibited. We find no merit to this argument. As we recently concluded in another case with analogous facts, the terms of probation conditions, one of which had more restrictive conditions than the other regarding alcohol consumption, were

neither contradictory nor ambiguous because "[d]efendant could meet the requirements of both conditions simply by abiding by the stricter condition." State v. Gauthier, 2016 VT 37, ¶¶ 17-18, 145 A.3d 833. Moreover, in this case, not only was the language of the two orders unambiguous, but the conduct for which defendant was charged violated both orders, thereby undercutting his argument that he was not provided adequate notice of what conduct was prohibited.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice