VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-312



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

JUNE TERM,   2023

State of Vermont v. Kriss M. Valerio*

}    APPEALED FROM:
}    Superior Court, Windham Unit,
}    Criminal Division
}    CASE NO. 537-5-15 Wmcr
     Trial Judges: Michael R. Kainen;
     Jennifer Barrett

In the above-entitled cause, the Clerk will enter:

Defendant challenges the trial court's order revoking his probation and imposing his underlying sentence.  We affirm.

Defendant pled guilty to domestic assault in February 2017, and he was sentenced to twelve-to-eighteen months, all suspended with probation.  Defendant violated the terms of his probation in October 2017, December 2017, and August 2018.  In December 2019, with defendant's consent, the court extended the term of defendant's probation until further order of the court.  Defendant was allowed to petition for discharge from probation as soon as he successfully completed a domestic-violence program called "Taking Responsibility."

In May and June 2022, the State filed two new probation-violation complaints against defendant.  The complaints involved allegations that, among other things, defendant was intoxicated and violent toward others; he faced a new misdemeanor charge for violating a stalking order; and he failed to complete Taking Responsibility after being unsuccessfully discharged from the program in 2017.

In September 2022, defendant pled no contest to both probation violations, which represented his fourth and fifth violations.  At the sentencing hearing, defendant's probation officer testified that defendant had a history of violence with neighbors, police contact, and alcohol consumption.  Defendant failed to complete the Taking Responsibility course and, after being discharged in 2017 for alcohol use, he refused to take any steps toward reenrolling.

The court made findings at the close of the hearing.  It revoked defendant's probation and imposed the remainder of his sentence.  It emphasized defendant's multiple probation violations and his failure to complete Taking Responsibility over the course of five years.  It noted that defendant made no attempt to reenroll in the program.  At this point, the court explained, failing to impose defendant's underlying sentence would unduly depreciate the seriousness of the

violation. The court thus revoked probation and imposed the underlying sentence. It found this disposition appropriate given the record in this case. This appeal followed.

Defendant argues on appeal that it was illogical to revoke his probation because he will not be able to complete the Taking Responsibility program while incarcerated and he will not be able to engage in the prison domestic-violence program.

There was no error. The court was not obligated to allow defendant to remain on probation to engage in the Taking Responsibility program, as he suggests. Upon finding that defendant violated his probation, the court had discretion in deciding whether revocation of probation was appropriate. See 28 V.S.A. § 303(a) (stating that probation may be "revoked [if] the probationer violates a condition of his or her probation"); id. § 304(a) (recognizing that trial court has discretion in deciding whether to revoke probation). Revocation of probation is appropriate if, among other things, the court concludes that "it would unduly depreciate the seriousness of the violation if probation were not revoked." Id. § 303(b). That is precisely what the court concluded here. Its decision was not illogical, as defendant asserts. It rested on defendant's multiple probation violations since his conviction and his failure to engage in a key requirement of his probation in five years' time. Defendant's disagreement with the court's decision does not demonstrate an abuse of discretion. See State v. Lucas, 2015 VT 92, ¶ 16, 200 Vt. 239 ("To prove an abuse of discretion, a defendant must show that the court failed to exercise its sound discretion or exercised it for clearly untenable reasons." (quotation omitted)). The court's decision was consistent with the law and grounded in the evidence and we find no error.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice